**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5210-15T2

SHREE RIDDHI SIDDHI
HOSPITALITY, LLC,

    Plaintiff-Appellant,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant-Respondent.

_____

        Argued October 30, 2017 — Decided November 29, 2017

        Before Judges O'Connor and Vernoia.

        On appeal from Superior Court of New Jersey,
        Law Division, Monmouth County, Docket No.
        L-0627-15.

        Mauro C. Casci argued the cause for appellant.

        George A. Prutting, Jr., argued the cause for
        respondent (Prutting & Lombardi, attorneys;
        Gavin Fung and Mr. Prutting, on the brief).

PER CURIAM

    Plaintiff Shree Riddhi Siddhi Hospitality LLC appeals from

an order granting defendant Scottsdale Insurance Company's summary

judgment motion in this insurance coverage dispute. Because we agree with the motion court's determination that the insurance policy clearly and unambiguously excludes coverage for plaintiff's property damage loss from a sewerage backup, we affirm.

The facts are not disputed. An apartment owned by plaintiff suffered extensive property damage as the result of a sewerage backup. Plaintiff sought coverage for the property damage under its insurance policy with defendant. Defendant disclaimed coverage, asserting the policy contained an express general exclusion for damages caused by "[w]ater or water-borne material which backs up through sewers or drains."

Plaintiff filed the pending insurance coverage action. Defendant filed a summary judgment motion. In an oral opinion, the court found the policy's clear language excluded coverage for damages caused by sewerage backups, and entered an order granting summary judgment to defendant. This appeal followed.

We conduct a de novo review of a trial court's grant of summary judgment, and apply the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). The movant is entitled to summary judgment if the record shows "there is no genuine issue as to any material fact and "the moving party is entitled to a judgment or order as a matter of law." Ibid. (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co.

of Pittsburgh, 224 N.J. 189, 199 (2016)); see also R. 4:46-2(c). Interpretation of an insurance policy presents a legal question, which we review de novo. Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med. & Physical Therapy, 210 N.J. 597, 605 (2012).

There are general principles that guide our interpretation of an insurance policy. "[C]overage provisions are to be read broadly, exclusions are to be read narrowly, potential ambiguities must be resolved in favor of the insured, and the policy is to be read in a manner that fulfills the insured's reasonable expectations." Ibid. However, where "the plain language of [a] policy is unambiguous, we will not engage in a strained construction to support imposition of liability or write a better policy for the insured than the one purchased." Templo Fuente, supra, 224 N.J. at 200; accord Abboud v. Nat'l Union Fire Ins. Co., 450 N.J. Super. 400, 406-07 (App. Div. 2017).

Where a provision in an insurance policy "is subject to more than one reasonable interpretation, it is ambiguous[.]" Templo Fuente, supra, 224 N.J. at 200. It is "[o]nly where there is a genuine ambiguity" that a court should "read the policy in favor of the insured." Ibid. A genuine ambiguity exists if "the phrasing of the policy is so confusing that the average policy holder cannot make out boundaries of coverage." Ibid.

Applying these principles, we discern no basis to reverse the court's determination that the policy does not provide coverage for plaintiff's property damages. It is undisputed the damages were caused by a sewerage backup, and the policy includes a clear exclusion for such damages. In pertinent part, the General Exclusions provision states:

A. We do not insure for loss caused directly or indirectly by any of the following.

. . . .

3. Water Damage

Water Damage means:

. . . .

b. Water or water-borne material which backs up through sewers or drains or which overflows or is discharged from a sump, sump pump or related equipment . . . .

There is no ambiguity in this provision. It expressly excludes from coverage the precise damages for which plaintiff seeks coverage under the policy: water damage caused by a backup through a sewer line. Indeed, plaintiff does not allege this clear and unequivocal language otherwise excludes from coverage the property damage it sustained. Instead, plaintiff contends there are other provisions in the policy that create an ambiguity

about coverage, and that the ambiguities should be resolved in its favor as the insured.

More particularly, plaintiff relies on a policy provision entitled "Perils Insured Against," which in pertinent part identifies the physical losses covered by the policy. The Perils Insured Against provision broadly states there is coverage "against risk of direct physical loss to property described in Coverages A and B." Coverage A is the coverage applicable here because it is for the dwelling on plaintiff's property where the sewerage backup occurred.[1]

The Perils Insured Against provision, however, has certain exclusions. In the first instance, the provision states that the policy does not provide coverage "for loss . . . [e]xcluded under General Exclusions." Thus, the Perils Insured Against provision plainly states that coverage is not provided for losses excluded under the General Exclusions. Again, plaintiff does not dispute that the General Exclusion provision unambiguously excludes property damage caused by sewerage backups from coverage under the policy.

---

[1] Coverage B, which applies to other structures on the property, is not pertinent here because plaintiff seeks coverage only for damage to the dwelling, which is expressly covered under Coverage A.

Subsection (c) of the Perils Insured Against provision excludes from coverage losses resulting from eight separately delineated causes. Paragraph c.(8) excludes from coverage losses caused by "[a]ny of the following":

> (a) Wear and tear, marring, deterioration;
>
> (b) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;
>
> (c) Smog, rust or other corrosion, mold, wet or dry rot;
>
> (d) Smoke from agricultural smudging or industrial operations;
>
> (e) Discharge, dispersal, seepage, migration release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a Peril Insured Against named under Coverage C.[2]
>
> . . . .
>
> (f) Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings; or
>
> (g) Birds, vermin, rodents, insects or domestic animals.

---

[2] In general terms, the Coverage C provision of the policy provides coverage for "personal property, usual to the occupancy as a dwelling." Plaintiff here sought coverage for property damage under Coverage A. Subsection c.(8)(e) also includes a definition of pollutants that is not applicable to plaintiff's coverage claim.

The undisputed facts establish, and plaintiff does not dispute, that the sewerage backup that caused plaintiff's claimed property damages was not the result of any of the conditions or occurrences identified in subsection c.(8). A sewerage backup is not one of the causes of loss in subsection c.(8). Moreover, defendant did not deny coverage because plaintiff's losses were caused by any of the conditions or occurrences listed in subsection c.(8). Thus, under the plain language of the policy, the subsection c.(8) exclusions have no application to plaintiff's claimed loss and do not support plaintiff's claimed entitlement to coverage.

Ignoring the inapplicability of subsection c.(8) to its coverage claim, plaintiff argues the policy is ambiguous because it contains an "Exception To c.(8)" provision which, according to plaintiff, suggests that damages caused by sewerage backups are covered. We are not persuaded.

The Exception To c.(8) provision does not create an ambiguity concerning the coverage for plaintiff's claimed loss because it details only exceptions to the exclusions from coverage in subsection c.(8) of the policy. The Exception To c.(8) provision, however, is inapplicable here because plaintiff's losses were not caused by any of the conditions or occurrences in subsection c.(8). Plaintiff cannot conjure up coverage or an ambiguity in the policy by relying on an exception to defined exclusions that are

A-5210-15T2

inapplicable to the cause of plaintiff's loss and were not relied upon by defendant to deny coverage. See Stafford v. T.H.E. Ins. Co., 309 N.J. Super. 97, 105 (App. Div. 1998) (finding far-fetched interpretations of a policy are insufficient to create an ambiguity requiring coverage). Plaintiff was not entitled to coverage under the plain language of the General Exclusions and the Perils Insured Against provision's unambiguous reiteration that coverage is not provided for losses excluded under the General Exclusions. Plaintiff was not denied coverage under subsection c.(8), and therefore the exceptions to the subsection c.(8) exclusions detailed in the Exception To c.(8) provision are inapplicable and do not create an ambiguity concerning coverage.

Moreover, even if the Exception To c.(8) provision applied, its plain language requires rejection of plaintiff's coverage claim for two reasons. First, the provision unambiguously states that it does not provide coverage where "the loss is otherwise excluded."[3] Again, losses caused by sewerage backups are otherwise excluded by the General Exclusions and again in the Perils Insured Against provision. Second, the Exception To c.(8) provision provides coverage, as an exception to the exclusions in subsection c.(8), for "an accidental discharge or overflow of water . . .

---

[3] The Exception To c.(8) provision states that it does not extend coverage to losses excluded under the General Exclusions.

A-5210-15T2

from within . . . a sewer pipe off" of plaintiff's property. Here, there is no claim that plaintiff's losses were caused by discharge from within a sewer pipe off of plaintiff's property. To the contrary, the undisputed facts show plaintiff's losses resulted from a discharge of water from a sewer pipe that was within plaintiff's apartment.

In sum, we are convinced the policy is not "so confusing that the average policyholder cannot make out the boundaries of coverage," and therefore reject plaintiff's assertion there was a genuine ambiguity in the policy that should be resolved in favor of finding coverage. Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247 (1979). The motion court correctly determined that losses due to sewerage backups, like the losses sustained by plaintiff, are excluded from coverage under the plain language of the General Exclusions and the Perils Insured Against provision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5210-15T2